UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TOMLIN, et. al.,<br><br>　　　　　Defendants.　　　　　／ | CV F   03 5363 AWI DLB P<br><br>ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON EXCESSIVE FORCE CLAIM |

Michael Gonzales ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On July 2, 2003, Plaintiff filed an Amended Complaint.

**A.  Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding,

467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. Allegations in the Complaint**

Plaintiff names thirty- three (33) Correctional Officers from Corcoran State Prison as defendants in this action.  He alleges that at various times during the years 2001 through 2003, each of the named defendants has given him "medicated meals."  He also alleges that defendants have stolen his mail and art work and have verbally harassed him.

Plaintiff also claims that he was subjected to excessive force by defendants Perez and Riddle on April 23, 2001 during a search for a razor.  Plaintiff alleges that defendants Perez and Riddle removed him from his cell to go through a metal detector.  Plaintiff states that Riddle pulled his restraints so hard his hands went numb and then Riddle laughed about it.  He alleges he was then forcefully pushed outside and defendant Perez slammed his head into the doors.

**C.    Discussion**

*1.    Medicated Meals*

Prisoners possess "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." Washington v. Harper, 494 U.S. 210, 221-22 (1990) (citations omitted).  "[T]he Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest."  Washington, 494 U.S. at 227.  While plaintiff alleges that the named defendants medicated his food, he does not provide enough detail for the court to determine whether the alleged administration of medication was against his will or pursuant to direction from a physician.  Plaintiff simply lists each defendant and describes a date upon which he alleges his food was medicated.  The court will provide plaintiff the opportunity

to amend the complaint to state his allegations more clearly.

   *2.   Property Theft*

With regard to his allegations regarding defendants stealing his property, these allegations fail to state a cognizable claim for relief under section 1983.  The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property.  Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.

   *3.   Verbal Harassment*

Throughout his complaint, plaintiff makes various allegations of verbal harassment against many of the defendants.  Mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  Threats also do not rise to the level of a constitutional violation.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

   *4.   Excessive Force*

"Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause [of the Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)).  "In determining whether the use of force was

1  wanton and unnecessary, it may also be proper to evaluate the need for application of force, the
2  relationship between the need and the amount of force used, the threat 'reasonably perceived by
3  the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'"
4  Hudson, 503 U.S. at 7. "The absence of serious injury is . . . relevant to the Eighth Amendment
5  inquiry, but does not end it." Id.
6      Plaintiff's allegations regarding the April 23, 2001 incident are sufficient to state a
7  cognizable excessive force claim against defendants Riddle and Perez.
8  **D.  Conclusion**
9      The court finds that plaintiff's complaint contains a cognizable claim for relief against
10 defendants Perez and Riddle for excessive force. However, the court finds that plaintiff's
11 complaint does not contain any other claims upon which relief may be granted under section
12 1983. The court will provide plaintiff with the opportunity to file an amended complaint, if
13 plaintiff wishes to do so.
14     If plaintiff does not wish to file an amended complaint and wishes to proceed against
15 defendants Perez and Riddle on his excessive force claim only, plaintiff may so notify the court
16 in writing. The court will then issue Findings and Recommendations recommending that the
17 remaining claims and defendants be dismissed from this action, and will forward plaintiff two
18 summonses and two USM-285 forms to fill out and return to the court. Upon receipt of these
19 documents, the court will direct the United States Marshal to initiate service of process on
20 defendants Perez and Riddle.
21     In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local
22 Rule 15-220 requires that an amended complaint be complete in itself without reference to any
23 prior pleading. As a general rule, an amended complaint supersedes the original complaint. See
24 Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the
25 original pleading no longer serves any function in the case. Therefore, in an amended complaint,
26 as in an original complaint, each claim and the involvement of each defendant must be
27 sufficiently alleged.
28     If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

1  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
2  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
3  each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there
4  is some affirmative link or connection between a defendant's actions and the claimed
5  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
6  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

7    Plaintiff is cautioned that the federal system is one of notice pleading.  Galbraith v.
8  County of Santa Clara, 307 F.3d 1119, 1126 (2002).  "Rule 8(a)'s simplified pleading standard
9  applies to all civil actions, with limited exceptions," none of which applies to section 1983
10 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).
11 Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim
12 showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a).  "Such a statement
13 must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon
14 which it rests."  Swierkiewicz, 534 U.S. at 512.

15   Based on the foregoing, it is HEREBY ORDERED that:
16   1.  The Clerk's Office shall send plaintiff a civil rights complaint form;
17   2.  Within **thirty (30) days** from the date of service of this order, plaintiff must
18       either:
19       a.  File an amended complaint curing the deficiencies identified by the court
20           in this order, or
21       b.  Notify the court in writing that he does not wish to file an amended
22           complaint and wishes to proceed only against defendants Perez and Riddle
23           on his access to the courts claim; and
24   3.  If plaintiff fails to comply with this order, this action will be dismissed for failure
25       to obey a court order.
26 IT IS SO ORDERED.
27    Dated:   May 8, 2006                    /s/ Dennis L. Beck
   3b142a                                    UNITED STATES MAGISTRATE JUDGE
28