UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>               Plaintiff,<br><br>   v.<br><br>C/O TOMLIN, et al.,<br><br>               Defendants. | CV F- 03-5363 AWI DLB P<br><br>FINDINGS AND RECOMMENDATIONS RE PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER<br>(DOC 42) |

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983.

       On January 25, 2007, plaintiff filed a motion for a temporary restraining order against staff at Corcoran State Prison.  Plaintiff seeks an order prohibiting prison staff from harassing, threatening, or retaliating against him.  Plaintiff also contends he is being medicated against his will.

       The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions

1 are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819
2 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant
3 threat of irreparable injury." Id.  Also, an injunction should not issue if the plaintiff "shows no
4 chance of success on the merits." Id.  At a bare minimum, the plaintiff "must demonstrate a fair
5 chance of success of the merits, or questions serious enough to require litigation." Id.

6 "A federal court may issue an injunction if it has personal jurisdiction over the parties and
7 subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not*
8 *before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985)
9 (emphasis added).  Defendants in this case have not yet been served.  Plaintiff is not entitled to
10 preliminary injunctive relief until such time as the named defendants have been served with the
11 summons and complaint.  At this juncture, plaintiff's motion for preliminary injunctive relief is
12 premature.  Plaintiff may file another motion for preliminary injunctive relief at a later stage.
13 Plaintiff is cautioned to any further motions for preliminary injunctive relief that are filed before
14 defendants are served with process in this case will be denied as premature.

15 Accordingly, it is HEREBY RECOMMENDED that plaintiff's motion for a temporary
16 restraining order filed January 25, 2007 be DENIED.

17 These findings and recommendations will be submitted to the United States District Judge
18 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty (20)
19 days after being served with these findings and recommendations, the parties may file written
20 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
21 Findings and Recommendations."  The parties are advised that failure to file objections within the
22 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
23 1153 (9th Cir. 1991).

24 IT IS SO ORDERED.

25 **Dated:   January 31, 2007**              **/s/ Dennis L. Beck**
3c0hj8                                                    UNITED STATES MAGISTRATE JUDGE
26
27
28