1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    MICHAEL GONZALES,                          CASE NO. CV-F-03-5363 LJO DLB P

12                      Plaintiff,          _____ORDER DENYING PLAINTIFF'S
                                                   MOTION FOR COURT ORDER
13          vs.
                                                   [Doc. 74]
14    TOMLIN, et.al.,

15                      Defendants.
      _____/
16

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action

18    pursuant to 42 U.S.C. § 1983.

19          On June 6, 2007, plaintiff filed a motion entitled "Petition for Writ of Habeas Corpus" wherein

20    he requests that the court issue an order prohibiting the censoring of his mail.

21          Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d

22    264, 265 (9th Cir. 1995). However, isolated incidents of mail interference or tampering will not support

23    a claim under section 1983 for violation of plaintiff's constitutional rights. See Davis v. Goord, 320

24    F.3d 346, 351 (2d. Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v.

25    Maschner, 899 F.2d 940, 944 (10th Cir. 1990). In a case involving mail sent to a prisoner by his own

26    attorney, the Supreme Court held that prison officials may, consistent with the First Amendment, open

27    mail from attorneys in the presence of the prisoner for visual inspection. See Wolff v. McDonnell, 418

28    U.S. 539, 576-7 (1974); Sherman v. MacDougall, 656 F.2d 527, 528 (9th Cir. 1981). The Court noted

1

1    that inspecting mail from attorneys in the presence of the inmate did all, and perhaps even more, than

2    the Constitution requires.  Id. at 577.

3        "[M]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail."

4    Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996).  "All correspondence from a court to a litigant is a

5    public document, which prison personnel could if they want inspect in the court's files."  Id. at 1094

6    (citing to Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987).  Like mail from the court, the documents

7    that defense counsel serves by mail on plaintiff are public documents.  The documents are part of the

8    court file and prison personnel could inspect the file, if they so chose.

9        Accordingly, for the foregoing reasons, plaintiff's is without merit, and the motion is hereby

10   DENIED.

11       IT IS SO ORDERED.

12       **Dated:   June 25, 2007**          **/s/ Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28