IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES, | 1:03-cv-05363 LJO DLB P |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION OF MAGISTRATE JUDGE |
| vs. | |
| PEREZ et al., | (Docs. 115, 118) |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. On April 14, 2008 and April 21, 2008, plaintiff filed motions for recusal of the Magistrate Judge for bias pursuant to 28 U.S.C. § 144, and California Code of Civil Procedure Section 170.6.

In his motions, plaintiff alleges that the Magistrate Judge has shown bias by failing to appropriately address the "imperialism and torture tactics" inflicted upon plaintiff by individuals whom are not parties to this action. (Doc. 115, p.1). Plaintiff alleges that he is being held in a cell flooded with rain; that he is being denied meals, toothbrush, soap, toothpaste, toilet paper, and mail; and that his legal mail is being censored. Plaintiff states that he was told not to file a temporary restraining order. Plaintiff contends that the Magistrate Judge has done nothing in response to this inhumane treatment, and alleges that the Magistrate Judge is acting in concert with counsel for defendants "to cover up for defendants".

Id., p.2:25-27. Plaintiff requests that the Magistrate Judge disqualify himself from these proceedings.

"A judge is required to disqualify himself if his impartiality might reasonably be questioned, or if he has a personal bias or prejudice for or against a party." Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1045 (9th Cir. 1988) (citing 28 U.S.C. §§ 455(a), 455(b)(1)), aff'd, 496 U.S. 543, 110 S.Ct. 2535 (1990). "The bias must stem from an extrajudicial source and not be based solely on information gained in the course of the proceedings." Id. (citing In re Beverly Hills Bancorp, 752 F.2d 1334, 1341 (9th Cir. 1984)). "'Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir. 2004) (quoting Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147 (1994)). "'In and of themselves . . , they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.'" Id.

In the present case, plaintiff is dissatisfied with what he deems to be a failure by the Magistrate Judge to formally investigate plaintiff's woes. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). As previously explained to plaintiff, the complaints which form the basis of the instant motion concern the actions of individuals not parties to this action, and over whom the court has no jurisdiction. Plaintiff's motion for disqualification is without merit, and is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **June 26, 2008**          /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE