UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>              Plaintiff,<br><br>    v.<br><br>A. PEREZ, et al.,<br><br>              Defendants. | Case No.: 1:03-cv-05363 LJO DLB PC<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTIONS FOR FURTHER DISCOVERY<br><br>(Docs. 120, 121, 124, 126, 130, and 133). |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. This matter is currently set for jury trial on September 8, 2008. Pursuant to this court's Scheduling and Discovery Order issued May 18, 2007, the discovery phase of this litigation closed on November 20, 2007. (Doc. 64). Plaintiff now seeks leave of the court to re-open discovery. (Docs. 120, 121, 124, 126, 130, and 133). Defendants filed their opposition on May 30, 2008 and July 9, 2008 (Docs. 125 and 134).

**Discussion**

    Plaintiff states that he requires further discovery because defendants refused to answer his previous discovery requests. Plaintiff states that discovery is also required so that he may verify or refute the exhibits recently served upon plaintiff by defendants. In opposition, defendants argue that plaintiff

1  was not diligent in conducting discovery because his discovery requests were directed to non-parties to
2  answer, and also that his request was procedurally defective. Defendants further argue that additional
3  discovery is not required for plaintiff to verify defendants' exhibits, as plaintiff may review his central
4  and medical file by following prison procedures.

5         Modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P.
6  16(b). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party
7  seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir.
8  2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992). "If the party
9  seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not
10 be granted." Id.

11        In the present case, defendants have submitted a copy of the discovery requests served on defense
12 counsel on or about August 21, 2007, prior to the close of discovery. (Doc. 134, Exh. A). The first ten
13 requests are directed at the Litigation Co-ordinator. Plaintiff also includes interrogatories directed
14 towards Warden Darral Adams, who is not a party in this action. Because defense counsel does not
15 represent these individuals, defendants were not obligated to respond to the requests directed towards
16 them. However, plaintiff also served upon defense counsel interrogatories directed towards defendant
17 Perez (Exh. A, No. 12 A-Q), defendant Riddle (Exh. A, No. 13 A-P) and defendant YriGollen (Exh. A,
18 No. 14 A - N). Plaintiff's request was made during the discovery phase of the litigation. Accordingly,
19 within 20 days of service of this order, defendants shall serve responses to Interrogatories 12, 13 and 14.

20        With respect to plaintiff's contention that he requires additional discovery to refute defendants'
21 evidence, defendants argue that they served a copy of their trial exhibits nearly four months before the
22 August 27, 2008 deadline, so that the documents could be authenticated by the custodians' declarations,
23 rather than having them attend and testify at trial. Plaintiff now wishes to search for evidence that may
24 refute or verify defendants' exhibits. It is the court's understanding that the documents plaintiffs seeks
25 are contained in his medical and central file, and it appears that plaintiff's request is essentially a request
26 to review his files for evidence favorable to his case.[1] Defendants contend that plaintiff may review his

---

[1] Plaintiff requests 115 Rule Violation Reports, 602 complaints filed by plaintiff, 7219 injury reports, and medical reports.

files by following prison procedures. The court finds that further discovery for this purpose is unnecessary.

**Conclusion and Order**

Based on the foregoing, the COURT HEREBY orders as follows:

1. Plaintiff's motion for further discovery is GRANTED IN PART. Within 20 days of service of this order, defendants shall serve responses to Interrogatories Nos. 12, 13 and 14 (Doc. 134, Exhibit A); and

2. This matter remains set for jury trial on September 8, 2008.

IT IS SO ORDERED.

**Dated:** **July 15, 2008**          **/s/ Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE